IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03005-GPG

ROBIN MYERS,

      Plaintiff,

v.

STATE OF COLORADO,
HALLIBURTON,
CAROL PFARR,
SAM PEREZ,
CHARLES SCHWAB,
LSC FINANCIAL,
ANTHEM BLUE CROSS
KELLY S[ERVICES],
TIME WARNER CABLE,
RICOH BUS. SOLUTIONS,
UNITED HEALTH GROUP MILITARY & VETERANS,
CONVERGYS, and,
KAISER PERMANENTE,

      Defendants.

---

ORDER OF DISMISSAL

---

      Plaintiff, Robin Myers, resides in Aurora, Colorado.  Ms. Myers initiated this action by filing *pro se* a Complaint (ECF No. 1).

      On November 6, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient for several reasons, which were explained to Ms. Myers.  Magistrate Judge Boland ordered Ms. Myers to file an Amended Complaint within 30 days that corrected the deficiencies of her original Complaint and that complied with Fed. R. Civ. P. 8.  (ECF No. 4).  Plaintiff filed an Amended Complaint on November 25, 2014.  (ECF No. 6).

Plaintiff has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2013).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Ms. Myers' Amended Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed.

## I. The Amended Complaint

In the Amended Complaint, Ms. Myers alleges that she "was falsely accused and overrated as having a mental condition from the State of Colorado and placed under a high level security investigation with Halliburton."  (ECF No. 6, at 2).  Plaintiff further states that the investigation "included excessive heart monitors, biological abuse, and sciatic shocks," and that she was placed under psychiatric observation.  (*Id.*).  Ms. Myers then alleges that "[a] viral video has been circulated showing medical issues caused by their abuses" which has defamed her.  (*Id.* at 2, 3). Plaintiff asserts that she has been terminated from employment, labeled unemployable, placed on sabbaticals and has faced many health challenges by "this governmental[l]y  imposed burden that has significantly altered my status along with deprived me of my civil liberties to work,

2

live, [and] fellowship." (*Id.* at 3).  She seeks monetary relief against each of the Defendants.

## II.  Analysis

Ms. Myers does not set forth an appropriate jurisdictional basis for her claims in the Amended Complaint.  To the extent she asserts that the Defendants violated various federal criminal statutes, her claims are not actionable in this civil proceeding. *See*, *e.g.*, *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

In addition, Plaintiff makes scattershot references to federal civil statutes that do not afford her a private cause of action.  *See*, *e.g.*, 29 U.S.C. § 653 (Occupational Safety and Health Act); 42 U.S.C. § 1101 (establishing a federal Employment Security Administration Account).

Construing the Amended Complaint liberally, the Court finds that Ms. Myers is asserting a § 1983 cause of action for governmental defamation.

### A.  Eleventh Amendment immunity

Ms. Myers cannot maintain a § 1983 claim against Defendant State of Colorado. Magistrate Judge Boland warned Ms. Myers in the November 6 Order that the State of Colorado is an improper party to a § 1983 action.  States enjoy Eleventh Amendment immunity from liability under § 1983, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007); *Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Congress did not abrogate

Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, the State of Colorado will be dismissed.

### B.  Potential Liability of Defendants Pfarr and Perez

Ms. Myers names Carol Pfarr and Sam Perez as Defendants in the caption of the Amended Complaint, but does not assert any specific allegations against those individuals in the body of her pleading.  To the extent Defendants Pfarr and Perez are employees of the State of Colorado, sued in their individual capacities,[1] Plaintiff has failed to allege any facts to show that the Defendants personally participated in a deprivation of her constitutional rights.  Ms. Myers was warned in the November 6 order that in the Amended Complaint, she "must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated her rights."  (ECF No. 4, at 6). *See also id.* at 5 (stating that "Ms. Myers must demonstrate each Defendant's personal involvement in a violation of her federal rights, under color of state law, citing *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997)).

Because Ms. Myers fails to allege any facts to show the personal involvement of Defendants Pfarr and Perez in the alleged constitutional violation(s), she cannot maintain a § 1983 claim against those Defendants.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating that personal participation is an essential element of a § 1983 action); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a supervisor

---

[1]Claim for damages against Colorado officials in their official capacities are construed as claims asserted against the State of Colorado, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991), and are barred by the Eleventh Amendment.  *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir.1998).

can only be held liable under § 1983 for his own deliberate intentional acts).

Alternatively, if Defendants Pfarr and Perez are not state actors, they are not subject to liability under § 1983, as discussed below.

### C.  Liability of Private Entities under § 1983

The remaining Defendants are private actors.  Relief is available under § 1983 when there is a deprivation of a right secured by the Constitution or federal law, and that the deprivation was committed under color of state law.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Magistrate Judge Boland warned Ms. Myers in the November 6 Order that "[t]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation marks omitted).  Magistrate Judge Boland further warned Plaintiff that a private actor may be subject to liability under § 1983 only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quotation marks and citations omitted).  However, if a plaintiff "attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient.  Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted).

Plaintiff's conclusory assertion that one or more of the private entity Defendants conspired with the State of Colorado to defame her, which resulted in the loss of public

employment, is not supported by any specific factual allegations and is thus insufficient to state an arguable claim for relief against the private Defendants under § 1983. As such, Defendants Halliburton, Charles Schwab, LSC Financial, Anthem Blue Cross, Kelly Services, Time Warner Cable, Ricoh Bus. Solutions, United Health Group Military & Veterans, Convergys, and Kaiser Permanente are improper parties to this § 1983 action and will be dismissed. In addition, if Defendants Pfarr and Perez are not state actors, they cannot be held liable under § 1983.

### D. Pendent state law claims

To the extent Ms. Myers is attempting to assert one or more state law claims against the Defendants (for defamation or otherwise), the Court declines to exercise supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(c)(3).

The Court recognizes that the Colorado statutory limitation period applicable to the defamation claim one year. *See* COLO. REV. STAT. § 13-80-103(1)(a) (actions for libel and slander must be brought within one year after the cause of action accrues); § 13-80-102(h) (all actions against an employee of a public or governmental entity generally must be brought within two years after the cause of action accrues, except as otherwise provided in § 13-80-103). If Plaintiff's claims were timely filed when she initiated this federal court action, she will not be time-barred from asserting a state law claim in the state district court if she initiates the action within thirty days after entry of this Order. *See* 28 U.S.C. § 1367(d); *see also Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208 (10th Cir. 2014) (interpreting 28 U.S.C. § 1367(d)). The Colorado Court of Appeals has recognized the statutory tolling period in 28 U.S.C. § 1367(d). *See Dalal v. Alliant Techsystems, Inc.,* 934 P.2d 830, 834 (Colo.App.1996) (acknowledging that "if a

6

plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction [over the state claims], the plaintiff may refile those claims in state court," relying on 28 U.S.C. § 1367(d)).

Plaintiff may attempt to pursue a remedy for a state law cause of action in the state courts.  Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 6), filed by Plaintiff, Robin Myers, is DISMISSED.  The federal claims against the State of Colorado, and against Defendants Pfarr and Perez (to the extent those Defendants are state officials) are barred by the Eleventh Amendment.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  The federal claims asserted against Defendants Halliburton, Charles Schwab, LSC Financial, Anthem Blue Cross, Kelly Services, Time Warner Cable, Ricoh Bus. Solutions, United Health Group Military & Veterans, Convergys, Kaiser Permanente, are legally frivolous, as are the claims against Pfarr and Perez if those Defendants are not state actors. *See* § 1915(e)(2)(B)(i).  The Court declines to exercise supplemental jurisdiction over any pendent state law claims.  *See* 28 U.S.C. § 1367(c)(3).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Myers files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United

---

[2]*See Shue v. Lampert*, No. 14-8042, 580 F. App'x 642, 643 (10th Cir. Sept. 4, 2014) (unpublished) (stating that "the Eleventh Amendment requires dismissal without prejudice of the claims against the three state officials in their official capacities); *see also*

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed.

R. App. P. 24.

        DATED December 17, 2014, at Denver, Colorado.

                         BY THE COURT:


                         s/Lewis T. Babcock_____
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court